### SICCARDI v. AJELLO.

#### No. 5527.

Circuit Court of Appeals, Third Circuit.

Feb. 23, 1935.

Codington, Blatz & Smalley, of Plainfield, N. J. (Vincent D. Manahan, Jr., of Plainfield, N. J., of counsel), for appellant.

Isaacs & Gunther, of Union City, N. J. (Lionel Isaacs, of Union City, N. J., and Otho S. Bowling, of New York City, of counsel), for appellee.

Before BUFFINGTON, WOOLLEY, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

In the court below Michele Ajello, Sr., brought suit against Concetta Siccardi, his daughter, to recover an alleged loan of $25,000. The statement of claim averred "that on or about November 19, 1925, plaintiff did loan to the defendant and her husband, Giacomo Siccardi, the sum of twenty-five thousand ($25,000) dollars." In her answer defendant "denies that the plaintiff loaned to the defendant the sum of twenty-five thousand ($25,000) dollars as set forth in the complaint." The plaintiff's statement also averred: "Interest at the rate of 6 per cent. per annum was paid on said obligation to on or about November 19, 1931." To this defendant answered: "She has no information as to the statements set forth in paragraph four." On the two issues of, first, whether plaintiff made the alleged loan to her, and, second, the statute of limitation, the case went to trial and plaintiff had a verdict. On entry of judgment thereon, defendant took this appeal, wherein, in effect, she contends, inter alia, the court erred in refusing to give binding instructions in her favor.

After consideration, we are of opinion no error was committed and the judgment is affirmed. Our reasons for so holding we now state.

The proofs given by the plaintiff tended to show that in 1925 the defendant and her husband, who is since dead, came to plain-

tiff's home in Brooklyn, N. Y., and requested he loan them $30,000, the defendant at that time saying: "You have the houses without mortgage; take a mortgage on the houses and give us the money." On plaintiff's application to a bank, it was only willing to loan $25,000, for which sum it gave its check to the order of plaintiff, who indorsed it to the plaintiff's husband. When the check was thus delivered, plaintiff said to Siccardi, "Don't you think that your wife ought to sign this check also?" To which Siccardi replied, "Not necessarily; I will deposit it in my own account; then I will get the note signed by myself and my wife." Pursuant thereto, Siccardi brought to plaintiff a promissory note, signed by him and his wife as comakers, for $25,000, payable at Brooklyn in three years to plaintiff. Interest was paid on the note by Siccardi until November, 1930. The note was not produced at the trial, the proofs tending to show that in ways that need not be here recited, Siccardi, without plaintiff's knowledge, got possession of it and substituted therefor a note of different tenor, not signed by his wife. We here state that the present suit was not brought on the note signed by defendant, but the giving of it was proved as supporting plaintiff's contention that the loan was made to both defendant and her husband. In addition to the foregoing, there was proof by other persons tending to show the loan was made to both. The testimony of her sister was:

"A. I mean 1925—that Mrs. Siccardi came several times to ask my father for a loan of money.

"Q. And is Mrs. Siccardi your sister? A. Yes, sir.

"Q. Proceed. A. And my father had no ready cash, as he had just built some houses on Sixteenth Avenue, four brand new houses. So. Mrs. Siccardi knew there was no mortgage on these houses and she says, 'Why don't you make a mortgage on the property and loan us the money?' which my father done."

Her brother-in-law testified to what was said by defendant and her husband some time before the loan was made, as follows:

"Q. Were you in the Ajello home in November, 1925? A. Right.

"Q. And while you were in the home did Mr. and Mrs. Siccardi visit the home? A. Yes.

"Q. And did you, in their presence, hear any conversation about borrowing any money from Mr. Ajello? A. Yes.

"Q. What was that conversation? A. The conversation was they needed the money very bad and they ask him for $30,000 and the old man say 'I got no cash on hands,' and they say, 'Get some kind of mortgages on the property and see what you can do for us.'"

Her sister testified further:

"Q. Mrs. Lima, were you present when your sister and her husband, Mr. and Mrs. Siccardi, requested a loan of $25,000 from your father? A. Yes, sir.

"Q. Can you remember the conversation? A. Yes, sir, exactly.

"Q. Who did the talking? A. Mrs. Siccardi.

"Q. Who? A. Mrs. Siccardi.

"Q. Mrs.? A. Yes, sir, because she came—

"Q. What did she say to your father? A. She told my father that they either were building or had to build a moving picture theatre.

"Q. A little louder, so the jury can hear you. A. They were building or had to build a moving picture theatre, and that they needed money to finance it; so wouldn't my father lend her and her husband the money.

"Q. What is that? A. Wouldn't my father lend her and her husband the money. So my father told her that he had no ready cash. So she says, 'Well, you have the houses without mortgage; take a mortgage on the houses and give us the money.

"Q. Did he say he would or did he say he would not? A. My father?

"Q. Yes. A. He said he would try to get it. He would ask the bank if the bank would lend it to him.

"Q. Then did he say, if the bank would lend it to him, he would lend it to them? A. Yes, sir.

"Q. Did he? A. Yes, sir.

"Q. You are sure of that? A. I am sure of that."

On her part defendant proved she was not with her husband when he requested her father to make a loan to them. In its charge the court submitted to the jury this conflicting testimony, and the verdict establishes the fact that the loan was made in New York state to the defendant and her husband. Such being the case, the other question raised by the defendant as to the liability, under the law of New York, of the defendant, as a married woman, on the note, is immaterial. The plaintiff is not suing on

the note, but on the contract loan made in New York state, under which Mrs. Siccardi was competent to make. So, also, the loan being made to defendant and her husband jointly, and the interest thereon being paid by one of the joint makers, tolled the running of the statute.

Finding no error, the judgment is affirmed.